UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-07514-FMC-CWx | Date | December 3, 2008 |
|---|---|---|---|
| Title | Mar A. Ronquillo et al v. Countrywide Bank, N.A. et al | | |

| Present: The Honorable | FLORENCE-MARIE COOPER | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**     ORDER TO SHOW CAUSE  (In Chambers)

On November 13, 2008, 2008, Pro se Plaintiffs Mar and Helen Ronquillo[1] filed a Complaint, asserting claims "under 42 U.S.C. 1983" for:  (1) breach of contract, (2) fraud and racketeering, (3) usury and racketeering, and (4) IIED.  However, this action arises out of a $500,000, 30-year "conventional loan with a payment payoption ARM plan" loan agreement Plaintiffs entered into with Defendant Countrywide on February 15, 2006.  Plaintiffs appear to allege that Defendant misled Plaintiffs about the interest rate on the loan, and Plaintiffs' relied on Defendant's omissions or misrepresentations, taking out a loan on terms they could not afford to pay.  The Court has reviewed Plaintiff's Complaint and is not satisfied that Plaintiff has stated one or more claims over which this Court has jurisdiction.

This Court is a court of limited jurisdiction.  A federal court may exercise jurisdiction when a case presents a "federal question," i.e., when the action arises "under the Constitution, laws, or treaties of the United States."[2]  28 U.S.C. § 1331.  Alternatively, a court may have jurisdiction based on diversity of citizenship, i.e., where the suit is between citizens of different states and the amount in controversy is greater than $75,000.  28 U.S.C. § 1332; see also Pyle v. Hatley, 239 F. Supp. 2d 970,

---

[1]Pro se simply means that a party is representing himself, rather than being represented by a lawyer.

[2]Section 1983, 42 U.S.C. § 1983, is a federal statute which imposes liability against persons who act under color of State law to deprive individuals of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. §1983 (emphasis added); see also Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." (citing West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)).  The phrase "acting under color of law" means acting for or with the government.  See, e.g., McDade v. West, 223 F.3d 1135, 1139-1140 (9th Cir. 2000) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (quoting West, 487 U.S. at 48 (additional quotations and citations omitted))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-07514-FMC-CWx | Date | December 3, 2008 |
|---|---|---|---|
| Title | Mar A. Ronquillo et al v. Countrywide Bank, N.A. et al | | |

982-983 (C.D. Cal. 2002) ("[A] complaint based on diversity of citizenship only exists if there is complete diversity of citizenship; 'that is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.' " (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d. 274 (1978) (emphasis in original)) (additional citations omitted); see also 15 Moore's Federal Practice §100.20 (Matthew Bender 3d ed. 2004). Additionally, Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the grounds upon which the court's jurisdiction depends."[3] Each allegation in a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(2).

Here, Plaintiffs' allegation that the Court has diversity jurisdiction is incomplete; Plaintiffs do not adequately allege the citizenship (for jurisdiction purposes) of each plaintiff and of the corporate defendant. Additionally, although it appears that Plaintiffs may believe that federal question jurisdiction exists, it is not clear from the allegations in their Complaint that Plaintiffs' dispute with Defendant arises out of federal law.[4] If this Court does not have subject matter jurisdiction, the case cannot proceed in federal court.

Therefore, Plaintiffs are ORDERED TO SHOW CAUSE why their Complaint should not be dismissed for lack of federal subject matter jurisdiction. Within thirty (30) days of the date of this Order, Plaintiffs must file either a brief (a written explanation) or an amended complaint that: (1) identifies the specific federal law on which they base one or more of their claims, and (2) includes clear, concise factual allegations of the circumstances and events that form the basis of their dispute with Defendant. Otherwise, the case will be dismissed.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

[3]The Federal Rules of Civil Procedure are the "rules of the road" for federal civil lawsuits, like this one. All litigants must read and follow these rules. In addition to being available at law libraries, the Rules may be found online at http://www.law.cornell.edu/rules/frcp/.

[4]In addition to being available at law libraries, the text of federal law can be found (and searched) online at http://www.gpoaccess.gov/uscode/index.html. Another useful online resource for searching federal law may be found at http://www.law.cornell.edu/uscode/.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-07514-FMC-CWx | Date | December 3, 2008 |
|---|---|---|---|
| Title | Mar A. Ronquillo et al v. Countrywide Bank, N.A. et al | | |